IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP DEWAYNE STEWART                                                    PLAINTIFF

   v.     Civil No. 6:16-cv-06009-SOH-JRM

WINBURN MELUGIN                                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

  This is a civil rights action filed by the Plaintiff, Phillip Dewayne Stewart, pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated in the Arkansas Department of Corrections ("ADC") Varner Unit.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

  Currently before me is Defendants' Motion to Vacate Order Granting IFP and Dismiss Case. ECF No. 13.  After careful consideration, the undersigned makes the following Report and Recommendation.

### I. Background

  Plaintiff's Complaint was filed on January 29, 2016 in the Eastern District of Arkansas.  ECF No. 2.  His case was properly transferred to this District on February 3, 2016.  ECF No. 3.  Plaintiff filed a Motion to Proceed *in forma pauperis* ("IFP") on January 29, 2016.  ECF No. 1.  An Order granting IFP status was entered on February 9, 2016.  ECF No. 6.  Defendants' Motion was filed on March 7, 2016.  ECF No. 13.

### II. Discussion

  As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section 1915, which governs proceedings filed *in forma pauperis*,

was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained *in forma pauperis* status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee, albeit in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or failing to state a claim, to obtain in forma pauperis status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

On September 26, 2016, the Honorable P.K. Holmes, III, Chief United States District Judge, found in Case No. 6:14-cv-06143 that Plaintiff had filed three lawsuits which qualified for strike status and revoked Plaintiff's IFP privileges. These cases were filed prior to the instant case. Therefore, Plaintiff is no longer eligible for IFP status.

### III. Conclusion

Accordingly, I recommend that Plaintiff's IFP status be revoked pursuant to section 1915(g), and that this action be dismissed without prejudice to his right to re-open it with payment of the appropriate filing fee. *See Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997) (revoking IFP status under section 1915(g) and dismissing action without prejudice to inmate's right to re-file it

upon payment of filing fee). Plaintiff should be instructed to file a motion to reopen the action upon payment to the United States District Clerk of the proper filing fee.

It should be noted that, in the event that Plaintiff tenders the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any requested subpoenas. In addition, Plaintiff is precluded from filing any future civil action IFP unless he is under imminent danger of serious physical injury. It is therefore recommended that the following order be entered:

> The clerk of this court is directed to provisionally file any new action in which Phillip Dewayne Stewart seeks to proceed IFP. The magistrate judge shall then review the action and, if it is a civil action, rather than a criminal or habeas one, and, if Stewart has not asserted a valid claim that he is under imminent danger of serious physical injury, the magistrate judge shall recommend that IFP status be denied.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 27th day of September, 2016.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE