IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP DEWAYNE STEWART                                                              PLAINTIFF

v.                                          Case No. 6:16-cv-6009

WINBURN MELUGIN                                                                      DEFENDANT

**ORDER**

    Before the Court is the Report and Recommendation filed September 27, 2016, by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 22). Judge Marschewski recommends that Defendant's Motion to Revoke *In Forma Pauperis* Status and Dismiss (ECF No. 13) be granted. Plaintiff Phillip Dewayne Stewart has timely filed objections to the Report and Recommendation. (ECF No. 23). The Court finds this matter ripe for consideration.

    Judge Marschewski's Report and Recommendation recommends that Plaintiff's *In Forma Pauperis* ("IFP") status be revoked pursuant to 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff's right to re-open the action with payment of the appropriate filing fee. Judge Marschewski states that on September 26, 2016, the Honorable P.K. Holmes, III, Chief United States District Judge, found in Case No. 6:14-cv-6143 that Plaintiff has filed three lawsuits that qualify for "strike" status, and thus Chief Judge Holmes revoked Plaintiff's IFP privileges. Judge Marschewski states that the cases discussed by Chief Judge Holmes were filed prior to the instant case. Judge Marschewski concludes that Plaintiff is no longer eligible for IFP status, that his IFP status in this case should be revoked pursuant to § 1915(g), and that this action should be dismissed without prejudice.

    The Court finds that Plaintiff's objections are not directly responsive to Judge Marschewski's Report and Recommendation, and offer no error of law or fact from which the

Court finds it necessary to depart from the Report and Recommendation.[1]  Accordingly, the Report and Recommendation is adopted *in toto*.  Defendant's Motion to Revoke *In Forma Pauperis* Status and Dismiss (ECF No. 13) is **GRANTED**.  Plaintiff's pending Motion to Amend Relief (ECF No. 16) and Motion to Dismiss (ECF No. 21) are **DENIED AS MOOT**.  For the reasons stated above, as well as those contained in the Report and Recommendation, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff may file a motion to re-open this action after paying the proper filing fee to the Clerk of Court.[2]

The Court finds that Plaintiff has filed three lawsuits that qualify as strikes under the Prison Litigation Reform Act (PLRA) Pub. L. No. 104-134, 110 Stat. 1321.  The Clerk is directed to provisionally file any new action in which Phillip Dewayne Stewart seeks to proceed IFP.  The magistrate judge shall then review the action and, if it is a civil action, rather than a criminal or habeas one, and, if Stewart has not asserted a valid claim that he is under imminent danger of serious physical injury, the magistrate judge shall recommend that IFP status be denied.

**IT IS SO ORDERED**, this 13th day of October, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] Plaintiff objects on the basis that Judge Marschewski has not yet ruled on Plaintiff's pending Motion to Dismiss (ECF No. 21), filed on June 2, 2016.  The Court notes that Defendant's Motion to Revoke *In Forma Pauperis* Status and Dismiss (ECF No. 13), which is the focus of the present Report and Recommendation, was filed over three months before Plaintiff's Motion to Dismiss.

[2] In the event that Plaintiff delivers the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any requested subpoenas.